**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
**THE GATTI LAW FIRM**
235 Front St. SE, Ste. 200
Salem, OR 97301
Telephone: 503-363-3443
Fax: 503-371-2482

**Simonne M.G. Weyand, OSB No. 044936**
simonne@kswwlaw.com
**WEYAND LAW. LLC**
PO Box 360
McMinnville, OR 97128
Telephone: 503-212-0050
Fax: 503-994-1601
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **AMANDA KING**, <br><br> *Plaintiff,* <br><br> v. <br><br> **THE STATE OF OREGON,** by and through its **OREGON DEPARTMENT OF HUMAN SERVICES; JOHN DOE;** and **JANE DOE**, <br><br> *Defendants.* | Case No. <br><br> **COMPLAINT** <br><br> *(Fair Credit Reporting Act; Civil Rights Violation – 42 U.S.C. § 1983)* <br><br> **DEMAND FOR JURY TRIAL** |

**GENERAL ALLEGATIONS**

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1681p; 28 U.S.C. § 1331. This action is timely filed within two years of Plaintiff's discovery of the violations that are the basis for this action. Plaintiff first discovered the violations on July 12, 2024, when she received notice that her background check was "NOT APPROVED" based on a false founded disposition for physical abuse, which constitutes the date of discovery under 15 U.S.C. § 1681p.

2.      Plaintiff Amanda King (DOB: 09/20/1981) is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c). Plaintiff resides in Lane County, Oregon and resided in Lane County, Oregon during all of the events described herein.

3.      Defendant the State of Oregon acts in this matter by and through its Oregon Department of Human Services ("ODHS"), a single state agency of which the Background Check Unit ("BCU") and Child Welfare are both administrative divisions.  ODHS, acting through its Background Check Unit, is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). The BCU regularly engages in the practice of assembling and evaluating information on consumers—including criminal offender information and child protective services records maintained by ODHS Child Welfare—for the purpose of furnishing consumer reports to third parties, including employers, on a cooperative nonprofit and government fee-for-service basis, and uses means and facilities of interstate commerce, including submission of fingerprints to the Federal Bureau of Investigation, in preparing and furnishing such reports. The BCU operates as a mandatory state regulatory function: Oregon law and administrative rule require certain employers, including providers of services to vulnerable populations such as Brightside Living, LLC, to submit background check applications through the Office of Human Resources Shared Services—ORCHARDS to the BCU before hiring subject individuals, and the BCU issues a Final Fitness Determination that the employer is legally required to follow. OAR 125-007-0200 to 125-

007-0330; OAR 407-007-0200 to 407-007-0370; ORS 181A.200. The consumer reports prepared and furnished by ODHS through the BCU to employers, including the Final Fitness Determination issued in this case, are used by employers for employment purposes as defined by 15 U.S.C. § 1681a(h), and constitute consumer reports as defined by 15 U.S.C. § 1681a(d)(1)(B). ODHS, through its BCU, operates within all the Counties of Oregon.

4.    Defendants John Doe and Jane Doe are the unknown ODHS employees at the BCU who furnished the Final Fitness Determination issued in this case and discussed further below. Plaintiff intends to amend this Complaint once discovery reveals Defendants John Doe and Jane Doe's true identity.

5.    ODHS, acting through its Child Welfare division, is also a furnisher of information to consumer reporting agencies as that term is defined by FCRA, 15 U.S.C. § 1681s-2. ODHS Child Welfare maintains CPS founded disposition records and regularly furnishes information from those records to the BCU for inclusion in consumer reports issued to employers. In this case, ODHS Child Welfare furnished to the BCU a false CPS founded disposition for physical abuse that was associated with Plaintiff's name in error. ODHS is therefore a "person" acting in two distinct FCRA capacities with respect to Plaintiff's consumer report: (1) as a consumer reporting agency through its BCU, which assembled and furnished the consumer report; and (2) as a furnisher of information through its Child Welfare division, which supplied the false underlying data. ODHS is a "person" as that term is defined in 15 U.S.C. § 1681a(b), which expressly includes "any … government or governmental subdivision or agency." This definition applies throughout the Act. Pursuant to Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz, 601 U.S. 42 (2024), the FCRA's civil liability provisions, 15 U.S.C. §§ 1681n and 1681o, apply to government agencies including state agencies.

6.    On June 21, 2024, Brightside Living, LLC submitted a background check application to the Office of Human Resources Shared Services—ORCHARDS ("ORCHARDS") on behalf of Plaintiff Amanda King, who had been employed by Brightside Living, LLC as a Direct Support Professional since June 30, 2023. Upon initial submission, ORCHARDS indicated that Plaintiff was "Eligible for Hire on Preliminary Basis." Plaintiff's continued employment with Brightside Living, LLC was conditioned upon the passing of a consumer report, to include a background check, processed through ORCHARDS by the BCU.

7.    On July 12, 2024, the BCU prepared and furnished to Brightside Living, LLC a consumer report regarding Plaintiff that contained inaccurate information. Brightside Living, LLC thereafter informed Plaintiff that the consumer report from the BCU reported that Plaintiff had a founded disposition for physical abuse, and for that reason Plaintiff was not permitted to work for Brightside Living, LLC. The consumer report prepared and furnished by the BCU to Brightside Living, LLC, which reported that Plaintiff had a founded disposition for physical abuse dated March 3, 2023, was false. Plaintiff had never been the subject of a founded disposition for any allegedly wrongful conduct, let alone allegations that Plaintiff engaged in physical abuse. In preparing the consumer report, the BCU failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, as required by 15 U.S.C. § 1681e(b), including failing to verify that the CPS founded disposition it reported actually belonged to Plaintiff, despite the existence of identifying information—including Plaintiff's date of birth—that differed from the individual actually associated with the founded disposition. Because the Final Fitness Determination was based on a CPS founded disposition erroneously attributed to the wrong individual, it was not made "in accordance with ORS 181A.200" as required by OAR 407-007-0290(11) and OAR 407-007-0350, and therefore falls outside the scope of any state administrative immunity that might otherwise attach to a lawfully conducted fitness determination.

8.      On July 12, 2024, based exclusively on the factually false consumer report the BCU provided, which included the false information from ODHS that Plaintiff had a founded disposition for physical abuse, Brightside Living, LLC sent Plaintiff a termination letter dated July 12, 2024. The letter informed Plaintiff that the reason for her termination was that the background check submitted to ORCHARDS stated that Plaintiff's background check was "NOT APPROVED" due to a founded disposition for physical abuse reported in Plaintiff's consumer report, and that therefore Plaintiff could not hold the position of Direct Support Professional effective immediately. At no time prior to her termination did Plaintiff receive a copy of the consumer report or a written description of her rights under the FCRA. Moreover, at not time prior to the BCU's issuance of the final fitness determination did Plaintiff receive notice of its determination, nor did the BCU afford Plaintiff any process to contest the false information contained in its determination.

9.      Knowing that she had never been the subject of a founded disposition as to any allegation of wrongdoing, let alone the allegation that she engaged in physical abuse, Plaintiff informed the BCU, ODHS, and the Roseburg Child Welfare office that the information was incorrect and requested said entities to correct the error. On or about July 25, 2024, a BCU representative identified as Claudia informed Plaintiff in writing that the BCU found that "everything in the report matches with your information" and that the BCU "would be unable to make any changes to the assessment," directing Plaintiff to contact the Roseburg Child Welfare office. Despite Plaintiff's notice and request for correction, the BCU, ODHS, and the Roseburg Child Welfare office refused to correct the factually false information within the consumer report.

10.     In addition to costing her employment with Brightside Living, LLC, Plaintiff was also at the time a licensed foster parent and caretaker, certified by ODHS, providing foster care for children in the Oregon child welfare system. The factually false information contained in Plaintiff's consumer report also implicated her ability to continue acting as a licensed foster parent

and caretaker certified by ODHS, insofar as Plaintiff would be disqualified from acting as a licensed foster parent and caretaker certified by ODHS if she indeed had a founded disposition for physical abuse, as was erroneously reported in the consumer report.

11.    The false consumer report prepared and furnished by the BCU caused Plaintiff to suffer stress, anxiety, and hopelessness, believing she would never be able to apply for other employment, or continue in her position as a licensed foster parent and caretaker certified by ODHS, without being reported as someone found to have engaged in physical abuse.

12.    On July 31, 2024, ODHS issued a letter signed by Lindsey Stanton, Program Manager, Douglas D6, stating that the previous July 12, 2024 background check produced a faulty result for Plaintiff. The letter confirmed that Plaintiff Amanda K. King (DOB: 09/20/1981) was mistakenly brought into an ODHS Child Protective Services assessment that had a founded disposition for physical abuse, due to Plaintiff having the same name and a very similar birthday as another individual in the Child Welfare System. The letter confirmed that Plaintiff does not have a founded disposition for physical abuse. The letter further confirmed that ODHS had specific knowledge—to wit, that Plaintiff's date of birth (09/20/1981) was different from the date of birth of the individual actually implicated in the CPS assessment—that would cause a reasonable person to have substantial doubts about the accuracy of the information regarding Plaintiff that was furnished to the BCU by ODHS. Despite issuing this letter, ODHS stated only that it was "working to correct" the error, and Plaintiff has no confirmation that the false founded disposition has been fully removed from all relevant systems.

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**(Against the State of Oregon by and through ODHS, in its Capacity as Furnisher of Information)**

**(Negligent Noncompliance with the FCRA — 15 U.S.C. § 1681o)**

13. Plaintiff realleges and incorporates paragraphs 1 through 12.

14. ODHS is a furnisher of information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2. ODHS negligently failed to comply with the requirements of the FCRA, including but not limited to: (a) furnishing information to the BCU that ODHS had reasonable cause to believe was inaccurate, in violation of 15 U.S.C. § 1681s-2(a)(1)(A); (b) furnishing information to the BCU regarding Plaintiff despite having specific knowledge—namely, that Plaintiff's date of birth differed from that of the individual actually associated with the founded disposition—that would cause a reasonable person to have substantial doubts about the accuracy of the information, in violation of 15 U.S.C. § 1681s-2(a)(1)(D); and (c) failing to conduct a reasonable investigation and correct the inaccurate information after receiving notice of Plaintiff's dispute, in violation of 15 U.S.C. § 1681s-2(b)(1).

15. As a result of ODHS's negligent failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of employment, lost opportunity to receive future employment, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the jury.

16. Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

**(Against the State of Oregon by and through ODHS, in its Capacity as Furnisher of Information)**

**(Willful Noncompliance with the FCRA — 15 U.S.C. § 1681n)**

17.     Plaintiff realleges and incorporates paragraphs 1 through 12.

18.     ODHS willfully failed to comply with the requirements of the FCRA, including but not limited to the violations identified in paragraph 13 above. ODHS's conduct constituted willful noncompliance in that ODHS acted with reckless disregard of its statutory duties under the FCRA. Specifically, ODHS furnished to the BCU a CPS founded disposition associated with Plaintiff's name while possessing specific knowledge that Plaintiff's date of birth differed from that of the individual actually identified as the perpetrator in the CPS assessment—information that would cause a reasonable person to have substantial doubts about the accuracy of the attribution—and thereafter refused to investigate or correct the error despite Plaintiff's notice and dispute.

19.     As a result of ODHS's willful failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer the actual damages described in paragraph 14 above. Plaintiff seeks actual damages, or in the alternative statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), in amounts to be determined by the jury.

20.     ODHS's conduct as alleged above was undertaken with knowledge of or in reckless disregard of Plaintiff's rights under the FCRA. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2).

21.     Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**THIRD CLAIM FOR RELIEF**

**(Against the State of Oregon by and through ODHS, in its Capacity as Consumer**

**Reporting Agency)**

**(Negligent Noncompliance with the FCRA — 15 U.S.C. § 1681o)**

22.     Plaintiff realleges and incorporates paragraphs 1 through 12.

23.     The BCU is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). The BCU negligently failed to comply with the requirements of the FCRA, including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the consumer report, in violation of 15 U.S.C. § 1681e(b), including failing to verify that the CPS founded disposition attributed to Plaintiff actually belonged to Plaintiff before issuing the Final Fitness Determination; and (b) failing to conduct a reasonable reinvestigation of Plaintiff's dispute and correct or delete the inaccurate information, in violation of 15 U.S.C. § 1681i(a).

24.     As a result of the BCU's negligent failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer the actual damages described in paragraph 14 above, for which Plaintiff seeks damages in an amount to be determined by the jury.

25.     Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a).

**FOURTH CLAIM FOR RELIEF**

**(Against the State of Oregon by and through ODHS, in its Capacity as Consumer**

**Reporting Agency)**

**(Willful Noncompliance with the FCRA — 15 U.S.C. § 1681n)**

26.     Plaintiff realleges and incorporates paragraphs 1 through 12.

27.    The BCU willfully failed to comply with the requirements of the FCRA, including but not limited to the violations identified in paragraph 22 above. The BCU's conduct constituted willful noncompliance in that the BCU acted with reckless disregard of its statutory duties under the FCRA. Specifically, the BCU issued a Final Fitness Determination falsely reporting that Plaintiff had a founded disposition for physical abuse without implementing any procedures to verify that the CPS founded disposition was actually associated with Plaintiff, despite the existence of identifying information—including a differing date of birth—that should have raised substantial doubt about the accuracy of the attribution. The BCU further refused to reinvestigate or correct the false report following Plaintiff's dispute.

28.    As a result of the BCU's willful failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer the actual damages described in paragraph 14 above. Plaintiff seeks actual damages, or in the alternative statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), in amounts to be determined by the jury.

29.    The BCU's conduct as alleged above was undertaken with knowledge of or in reckless disregard of Plaintiff's rights under the FCRA. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2).

30.    Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## FIFTH CLAIM FOR RELIEF

**(Against Defendants John and Jane Doe, in their individual capacity)**

**(42 U.S.C. § 1983 – Fourteenth Amendment Procedural Due Process Violation)**

31.    Plaintiff realleges and incorporates paragraphs 1 through 12.

32.    Plaintiff had a liberty interest protected by the Fourteenth Amendment to the United States Constitution to be free of the stigma of being falsely labeled as an individual founded for child abuse, and being free of the various statutory consequences of having a founded disposition upon her record.

33.    BCU employees Defendants John Doe and Jane Doe, while acting under the color of state law, deprived Plaintiff of her liberty interest without due process by issuing the Final Fitness Determination that included within it the false information that Plaintiff had been founded for child abuse, and further by instructing Plaintiff's employer to terminate Plaintiff's employment based on the their Final Fitness Determination.

34.    As a result of BCU employee John Doe and Jane Doe's deprivation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer the actual damages described in paragraph 14 above.

35.    Plaintiff is entitled to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**ON PLAINTIFF'S FIRST AND THIRD CLAIMS FOR RELIEF (Negligent Noncompliance):**

1.    Actual damages to be determined by the jury;

2.    Plaintiff's reasonable attorney fees and costs; and

3.    All other relief the Court deems just and proper.

**ON PLAINTIFF'S SECOND AND FOURTH CLAIMS FOR RELIEF (Willful**

**Noncompliance):**

1.      Actual damages, or in the alternative statutory damages of not less than $100 and

not more than $1,000 per violation, to be determined by the jury;

2.      Punitive damages to be determined by the jury;

3.      Plaintiff's reasonable attorney fees and costs; and

4.      All other relief the Court deems just and proper.

**ON PLAINTIFF'S FIFTH CLAIM FOR RELIEF (42 U.S.C. § 1983):**

1.      Actual damages to be determined by the jury;

2.      Plaintiff's reasonable attorney fees and costs; and

3.      All other relief the Court deems just and proper.

Dated this __15th__ day of May, 2026.

/s/      James M. Healy

**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
**THE GATTI LAW FIRM**
235 Front St. SE, Ste. 200
Salem, OR 97301
Telephone: 503-363-3443
Fax: 503-371-2482

**Simonne M.G. Weyand, OSB No. 044936**
simonne@kswwlaw.com
**WEYAND LAW. LLC**
PO Box 360
McMinnville, OR 97128
Telephone: 503-212-0050
Fax: 503-994-1601
Attorneys for Plaintiff